IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MONIQUE BOWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-314-C |
| | ) | |
| BOARD OF COUNTY | ) | |
| COMMISSIONERS OF CUSTER | ) | |
| COUNTY, OKLAHOMA; KENNETH | ) | |
| TIDWELL, Sheriff of Custer County, | ) | |
| Oklahoma; and DARRION MORGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting both state and federal claims based on allegations of inappropriate physical/sexual contact with Defendant Morgan while Plaintiff was housed at the Custer County Jail. Defendant Board of County Commissioners of Custer County ("Board") has filed a Motion pursuant to Fed. R. Civ. P. 12(c) seeking judgment on the pleadings. "A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1160 (10th Cir. 2000). Thus, the Court will consider the well-pleaded allegations of Plaintiff's Complaint in evaluating Defendant Board's Motion.

Defendant Board raises three points in support of its request for judgment. First, that Plaintiff's state law negligence claims against it are barred by provisions of the Oklahoma Governmental Tort Claims Act ("OGTCA"). Second, that the claim premised

on alleged violations of the Oklahoma Constitution is unsustainable.   Third, as to the 42 U.S.C. § 1983 claim, that Plaintiff's claims against Defendant Board are duplicative of those pleaded against Defendant Tidwell and therefore should be dismissed.

Plaintiff alleged that Defendant Board was negligent in failing to properly supervise, train, and discipline jail employees and those failures led to the sexual assault on her. Defendant Board argues this claim is barred by the provisions of 51 Okla. Stat. § 155(25). That statute bars any claim arising "from operational level actions by state officers or employees at a penal institution."   Medina v. State, 1993 OK 121, ¶ 11, 871 P.2d 1379, 1384.   Defendant Board argues that Plaintiff's claim for negligence in training or supervision fall squarely within this statute.   In her Response, Plaintiff argues that dismissal is improper but fails to offer any authority to support her position.   Indeed, Plaintiff's arguments center on her claims brought pursuant to the Oklahoma Constitution and § 1983.   Plaintiff has failed to offer any argument or authority demonstrating her claim is exempt from the prohibition set forth in § 155(25).   Accordingly, her claim for negligence against Defendant Board fail as a matter of law and will be dismissed.

Plaintiff pleaded that the alleged sexual assault gives rise to a cause of action pursuant to Article II, Section 30, of the Oklahoma Constitution.   Defendant Board argues this claim should be dismissed based on the law set forth by the Oklahoma Supreme Court in Bosh v. Cherokee Building Authority, 2013 OK 9, 305 P.3d 994.   Defendant Board argues that Bosh stands for the proposition that the only permissible claim under § 30 is one for excessive force.   Defendant Board also references Barrios v. Haskell County

2

<u>Public Facilities Authority</u>, 2018 OK 90, 432 P.3d 233.   Defendant Board notes that in

<u>Barrios,</u> the Oklahoma Supreme Court held that the Oklahoma Legislature had amended

the OGTCA to make clear all claims brought by inmates alleging a violation of the

Oklahoma Constitution are torts and therefore subject to the provisions of the OGTCA.

<u>Id.</u> at ¶ 15.   In her Response, Plaintiff argues that <u>Barrios</u> did not overrule <u>Bosh</u> and that

her claim under the Oklahoma Constitution survives.   Plaintiff's argument is contrary to

the clear holdings of <u>Barrios</u>.   There, the Oklahoma Supreme Court made clear that claims

brought by an inmate premised on an alleged violation of the Oklahoma Constitution are

subject to the OGTCA.   <u>Barrios</u>, 2018 OK 90, ¶ 12, 432 P.3d at 238-39.[1]   Thus,

Plaintiff's claim pursuant to Article II, Section 30, of the Oklahoma Constitution fails as a

matter of law and must be dismissed.

  Finally, Defendant Board argues it is not a proper party on Plaintiff's § 1983 claims.

According to Defendant Board, the proper defendant for claims relating to inadequate

supervision or training of jail staff is the sheriff.   Defendant Board notes that Plaintiff has

already named the sheriff, Defendant Tidwell, in this action.   Thus, Defendant Board

argues naming it as a Defendant is duplicative and entitles it to dismissal.   In response,

Plaintiff directs the Court to decisions from the Oklahoma Court of Civil Appeals noting

---

[1] The Court notes the Oklahoma Supreme Court recently issued an opinion which calls into question <u>Barrios</u>.   That case, <u>Payne v. Kerns</u>, --- P.3d ---, 2020 OK 31, has not yet been released by the Oklahoma Supreme Court.   Moreover, it is distinguishable on its facts as it determined the alleged tort had occurred prior to the passage of the amendments to the OGTCA discussed herein.

the county board is a proper defendant for § 1983 claims arising from alleged improper actions by jail staff.   As Defendant Board notes in its Reply, the Oklahoma Legislature recently changed 19 Okla. Stat. § 4.   After that revision, it is clear that actions for alleged failure to properly manage a jail and/or jail staff should be brought against the sheriff of the county rather than the board.   Plaintiff's claims against Sheriff Tidwell in his official capacity and those against Defendant Board are duplicative.   Defendant Board's request for dismissal will be granted on this issue.

For the reasons set forth herein, Defendant Board of County Commissioners of Custer County, Oklahoma's Motion for Judgment on the Pleadings (Dkt. No. 26) is GRANTED.   A judgment will be entered at the conclusion of the case.

IT IS SO ORDERED this 2nd day of June, 2020.

ROBIN J. CAUTHRON
United States District Judge