IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MONIQUE BOWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-314-C |
| | ) | |
| KENNETH TIDWELL, Sheriff of Custer | ) | |
| County, Oklahoma; and DARRION | ) | |
| MORGAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting both state and federal claims based on allegations of inappropriate physical/sexual contact with Defendant Morgan while Plaintiff was housed at the Custer County Jail. Defendants Tidwell and Morgan have each filed a Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). [A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a material fact. Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  If the movant carries this initial burden, the nonmovant must then set forth specific facts outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant.  Fed. R. Civ. P. 56(e).  These specific facts may be shown by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. Celotex, 477 U.S. at 324.  Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits.  Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992).  The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court.  Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998).  All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## ANALYSIS

### A. Defendant Tidwell

Defendant Tidwell argues that Plaintiff's state law negligence claim cannot proceed as it is barred by provisions of the Oklahoma Governmental Tort Claims Act ("OGTCA"). As to the 42 U.S.C. § 1983 claim, Defendant Tidwell argues that Plaintiff cannot demonstrate a constitutional violation.  In the alternative, Defendant Tidwell argues that if the Court finds a constitutional violation, he cannot be held liable under § 1983 as the undisputed facts demonstrate that no policy or custom led to that violation.  Finally, Defendant Tidwell argues he is entitled to judgment on Plaintiff's § 1983 claims because

Plaintiff has failed to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA") prior to bringing this action.

In Plaintiff's claim brought pursuant to the OGTCA, she alleged that Defendant Tidwell was negligent in failing to properly supervise, train, and discipline jail employees and those failures led to the sexual assault on her.  Defendant Tidwell argues this claim is resolved in his favor by 51 Okla. Stat. § 155(25), barring any claim arising "from operational level actions by state officers or employees at a penal institution."  Medina v. State, 1993 OK 121, ¶ 11 871 P.2d 1379, 1384.  Plaintiff attempts to parse the terms of the statute, concluding the negligence of Defendant Tidwell is outside the scope of the terms of the statute.  However, even under Plaintiff's definition, the term "operation" subsumes the claims raised by Plaintiff against Defendant Tidwell.  As Plaintiff argues, the term "operate" can be defined to mean to run or function effectively.  The Court finds as a matter of law that Plaintiff's negligence claims are barred by the provisions of § 155(25).  In Purvey v. State, 1995 OK 103, ¶ 6, 905 P.2d 770, 771, the Oklahoma Supreme Court stated: "the purpose of the provision is to protect the state and political subdivisions from tort liability for the actions of officers and employees in operating a penal institution."  Plaintiff's claims of negligence seek to find fault with Defendant Tidwell's operation of the jail.  As such, they are barred by the OGTCA.

Defendant Tidwell argues he is entitled to judgment on Plaintiff's § 1983 claim because under governing Tenth Circuit law, there can be no valid § 1983 claim for Defendant Morgan's sexual acts with Plaintiff because Plaintiff consented to the acts. Alternatively, Defendant Tidwell argues that the conduct engaged in by Defendant Morgan

lacks the objective seriousness to give rise to a constitutional claim.  Finally, Defendant Tidwell argues Plaintiff's § 1983 claim must fail as it is undisputed no policy or custom of Defendant led to the constitutional violation.

For purposes of resolution of Defendant Tidwell's Motion, the Court will assume that Plaintiff has demonstrated a constitutional violation objectively sufficient to support an Eighth Amendment claim.  Nevertheless, the undisputed material facts demonstrate that Plaintiff cannot show a policy or custom of Defendant Tidwell was the moving force behind that violation.  Plaintiff cannot prevail on her § 1983 claim merely by showing Defendant Tidwell employed a tortfeasor.  See Bd. of County Comm'rs of Bryant County, Okla. v. Brown, 520 U.S. 397, 403 (1997).  Rather, there must be proof of a policy or custom that is the cause of the constitutional violation.  See City of Oklahoma City v. Tuttle, 471 U.S. 808, 821-22 (1985).  Here, Defendant Tidwell directs the Court to training and policies which informed Defendant Morgan that the conduct alleged by Plaintiff was improper.  Defendant Tidwell offers evidence demonstrating that Defendant Morgan participated in the training and scored well on tests intended to measure to measure his knowledge about the training.  In response, Plaintiff offers nothing other than conjecture of counsel that the training was inadequate.  "A constitutional violation may not be established by a reliance upon unsupported assumptions."  Hovater v. Robinson, 1 F.3d 1063, 1068 (10th Cir. 1993).  Further, to demonstrate that a failure to train gives rise to a constitutional violation, Plaintiff must demonstrate the failure to train was deliberate.  See City of Canton v. Harris, 489 U.S. 378, 387 (1989).  "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . can a city be liable for such a

4

failure under § 1983." Id. at 389.  It is not enough that Plaintiff suggests "there were general deficiencies in the county's training program for jailers." Lopez v. LeMaster, 172 F.3d 756, 760 (10th Cir. 1999).  "Rather, he must identify a specific deficiency in the county's training program closely related to his ultimate injury, and must prove that the deficiency in training actually caused his jailer to act with deliberate indifference to his safety." Id.  Plaintiff has failed to offer any evidence from which a reasonable juror could reach this conclusion.

Plaintiff hints at other instances of misconduct by Defendant Morgan but offers no evidence that Defendant Tidwell was aware of those deeds prior to the incidents involving her.  A single or isolated incident is not sufficient to demonstrate that an unconstitutional policy or custom existed.  Tuttle, 471 U.S. 821.  In short, no reasonable juror could find that a policy or custom of Defendant Tidwell was the cause of Plaintiff's injury.  Thus, Defendant Tidwell is entitled to summary judgment on Plaintiff's 42 U.S.C. § 1983 claim.

Defendant Tidwell argues that even if the Court were to find he could be liable for a § 1983 violation, Plaintiff's claim would fail because she failed to exhaust her administrative remedies as required by the PLRA prior to bringing suit.  Plaintiff does not dispute that the PLRA requires exhaustion.  Nor does Plaintiff argue that she properly exhausted her claims.  Rather, Plaintiff argues the failure to exhaust should be overlooked because the administrators where she was incarcerated thwarted her ability to pursue an administrative remedy.  Plaintiff argues that expecting her to file a grievance with the co-workers of the man who sexually assaulted her is contrary to common sense.  Plaintiff's argument stretches the exception too far.  In considering whether administrative remedies

were unavailable, the Tenth Circuit noted that "when a prison official inhibits an inmate from utilizing an administrative process through threats or intimidation, that process can no longer be said to be 'available.'" <u>Tuckel v. Grover</u>, 660 F.3d 1249, 1252-53 (10th Cir. 2011).   Here, Plaintiff has offered no evidence of the existence of such threats or intimidation.   Rather, she offers only the conclusory comment of counsel that if she had complained she would have faced harassment.   As Defendant Tidwell notes, this argument is unsupportable in the face of the actual facts.   As soon as Defendant Tidwell became aware of the incidents between Plaintiff and Defendant Morgan, he immediately took steps to investigate and ultimately terminate Defendant Morgan's employment.   There simply is no evidence from which a reasonable juror could find that if Plaintiff had filed an administrative grievance that she would have faced harassment.   Thus, the PLRA bars Plaintiff's 42 U.S.C. § 1983 claim due to her failure to exhaust available administrative remedies.

**B.  <u>Defendant Morgan</u>**

Plaintiff brought 42 U.S.C. §1983 claims against Defendant Morgan alleging violation of the Fourth, Eighth, and Fourteenth Amendments.[1]   Defendant Morgan challenges Plaintiff's ability to establish the elements of an Eighth Amendment claim.   In the alternative, Defendant Morgan asserts he is entitled to qualified immunity as to

---

[1] Plaintiff concedes that, to the extent she raised a Fourth or Fourteenth Amendment claim, Defendant Morgan is entitled to judgment on those claims.

Plaintiff's Eighth Amendment claim.  The Court will consider Defendant Morgan's arguments in the context of his claim of qualified immunity.[2]

When a defendant raises qualified immunity as a defense, the responsibility shifts to the Plaintiff to "meet a 'heavy two-part burden.'"  Case v. W. Las Vegas Indep. Sch. Dist., 473 F.3d 1323, 1327 (10th Cir. 2007).  "[T]o avoid judgment for the defendant based on qualified immunity, 'the plaintiff must show that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue.'" Toevs v. Reid, 646 F.3d 752, 755 (10th Cir. 2011), amended and superseded on reh'g, 685 F.3d 903 (10th Cir. 2012), quoting Steffey v. Orman, 461 F.3d 1218, 1221 (10th Cir. 2006). Defendant Morgan argues that Plaintiff cannot satisfy either element, but focuses his argument on the "clearly established" prong.

In evaluating whether the law was clearly established, the Court considers whether it is clearly established that the officer's conduct would violate constitutional rights. Mullenix v. Luna, --- U.S. ---, 136 S.Ct. 305, 307 (2015).  Whether the law is "clearly established" must be particularized to the facts of the case.  White v. Pauly, --- U.S. ---, 137 S.Ct. 548, 552 (2017).  The operative facts for the case at bar are that Plaintiff entered into an area with Defendant Morgan and while there he briefly hugged her and briefly

---

[2] Defendant Morgan argues that Plaintiff responds to his claim of qualified immunity only by pointing to state law claims.  Thus, Defendant Morgan argues, he is entitled to judgment.  While Defendant Morgan is correct that the section of Plaintiff's Response brief directly addressing the defense of qualified immunity mentions only state law issues, Plaintiff has clearly raised and argued a claim for an Eighth Amendment violation.  Thus, the Court will consider those arguments when addressing the qualified immunity defense.

kissed her.  Plaintiff's consent in those actions is in dispute.  However, there is no dispute that Plaintiff did not protest.  There was no indication from Plaintiff to Defendant that the activity was not consensual.  To establish an Eighth Amendment claim there must be evidence of both objective and subjective elements.  The objective examines whether "'the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.'"  Graham v. Sheriff of Logan County, 741 F.3d 1118, 1123 (10th Cir. 2013) (quoting Giron v. Corrs. Corp. of Am., 191 F.3d 1281, 1291 (10th Cir. 1999)).  Defendant Morgan concedes this element.  The subjective prong requires evidence "'that the officials acted with a sufficiently culpable state of mind.'"  Id. (quoting Giron, id.).  This element asks whether the jailer "acted maliciously and sadistically."  Id.  The Graham Court recognized that even though the jailer's conduct was ill-advised, repugnant, or violated state law, the conduct did not rise to the level of a constitutional violation.  Id. at 1125. Thus, under the facts of the case at bar, the Court finds that Plaintiff has failed her burden of demonstrating clearly established law from which Defendant Morgan could conclude that his actions with Plaintiff violated her Eighth Amendment rights.  Accordingly, the Court finds Defendant Morgan is entitled to qualified immunity on Plaintiff's Eighth Amendment claim.

Plaintiff argues that Defendant Morgan's actions violated Oklahoma Constitution Art. 2, § 30.  Defendant Morgan argues this claim is barred by provisions of the OGTCA. Plaintiff disagrees, arguing the OGTCA is not as broad as Defendant Morgan would have it.  As the Court noted above, 51 Okla. Stat. § 155(25), bars any claim arising "from operational level actions by state officers or employees at a penal institution."  Medina,

1993 OK 121, ¶ 11, 871 P.2d at 1384.  This provision bars Plaintiff's state law claims. Alternatively, the Court is persuaded by the holdings of <u>Maher v. Oklahoma</u>, 165 F. Supp. 3d 1089, n.3 (W.D. Okla. 2016); <u>Shed v. Oklahoma Department of Human Services</u>, Case No. CIV-16-383-RAW, 2017 WL 1496039 (E.D. Okla. Apr. 24, 2017); <u>Morris v. Humphrey</u>, Case No. CIV-14-497-W, 2014 WL 3488895 (W.D. Okla. Jul. 11, 2014); and <u>Koch v. Juber</u>, Case No. CIV-13-750-HE, 2014 WL 2171753 (W.D. Okla. May 23, 2014) (all of which hold there is no individual liability for a § 30 claim.).  Defendant Morgan is entitled to summary judgment on Plaintiff's state law claims.

## CONCLUSION

For the reasons set forth herein, Defendant Kenneth Tidwell, Sheriff of Custer County, Oklahoma's, Motion for Summary Judgment (Dkt. No. 39) is GRANTED.  The Motion for Summary Judgment of Defendant Darrion Morgan (Dkt. No. 37) is GRANTED. A separate Judgment will issue.

IT IS SO ORDERED this 1st day of September, 2020.

ROBIN J. CAUTHRON
United States District Judge

9